IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| NICHOLAS ALSTON, etc., at al. | : | CASE NO. 18-cv-247 |
| Plaintiffs, | : | (Judge Walter Herbert Rice) |
| v. | : | |
| | | PLAINTIFFS' MOTION FOR |
| PHIL PLUMMER, Sheriff of | : | PRELIMINARY INJUNCTION |
| Montgomery County, Ohio | | |
| | : | |
| Defendant. | | |
| | : | |

Now come the Plaintiffs on behalf of themselves and the inmate population of the Montgomery County, Ohio Jail (the "Jail"), and move the Court for a preliminary injunction instructing the Defendant to conform the inmate population of the Jail to the capacity standard of 443 individuals established by the State of Ohio and to adopt and implement policies and procedures necessary for inmate and staff safety. The allegations of the Plaintiffs' complaint and the exhibits attached thereto are incorporated by reference in this motion together with additional media reports attached as *Exhibits 10 through 13*.

The Plaintiffs request that the Court in addressing this motion schedule (1) an in-person Case Management Conference with counsel for the parties; (2) a hearing date for the presentation of evidence with respect to this motion; and (3) a non-evidentiary Court inspection of the Jail as an orientation to the evidence to be presented at the hearing.

Respectfully submitted,

/s/ Lawrence J. Greger
Lawrence J. Greger (0002592)
GREGER LAW OFFICE
120 W. Second Street, Suite 1100
Dayton, OH 45402-1657
PHONE: (937) 223-3153
FAX: (937) 223-3008
E-MAIL: larry@gregerlawoffice.com


/s/ Anthony R. Cicero
Anthony R. Cicero (0065408)
CICERO ADAMS, LLC
500 East Fifth Street
Dayton, OH 45402-2914
PHONE: (937) 424-5390
FAX: (937) 424-5393
E-MAIL: tonycicero@gocicero.com


/s/ David C. Greer
David C. Greer (0009090)
BIESER, GREER & LANDIS, LLP
6 North Main Street, Suite 400
Dayton, OH 45402-1908
PHONE: (937) 223-3277
FAX: (937) 223-6339
E-MAIL: dcg@biesergreer.com


/s/ Ellis Jacobs
Ellis Jacobs (0017435)
ADVOCATES FOR BASIC LEGAL EQUALITY
130 West Second Street, Suite 700-E
Dayton, OH 45402-1501
PHONE: (937) 228-8104
FAX: (937) 535-4600
E-MAIL: ejacobs@ablelaw.org

/s/ Anthony S. VanNoy
Anthony S. VanNoy (0067052)
ANTHONY S. VanNOY, INC.
130 West Second Street, Suite 1624
Dayton, OH 45402-1502
PHONE: (937) 952-5043
FAX: (937) 496-5393
E-MAIL: avannoy@thevannoyfirm.com

Attorneys for Plaintiffs

## MEMORANDUM

### I. The Problem

Unrest, volatility and violence among inmates. Excessive force employed in inmate management. Mixing of non-violent inmates charged with first or minor offenses with violent repeat offenders charged with or convicted of serious felonies. Gaps in provision of needed medical care. Unreasonable infringement of inmate access to counsel or to contact with support from family and friends. Continuing lock-downs resulting in unnecessary and unreasonably punitive confinement of inmates. An increase in inmate tort claims with resulting public cost. Inmate suicides.

These problems have triggered significant media attention and public concern in the Dayton area. County Commissioners have established a committee and engaged an expert to explore these problems. The problems should be a common concern of all parties to this lawsuit and their respective public and private constituents. There are some remedial measures that can be pursued by the legislative and executive branches of government and are unavailable to the courts. There are also remedial measures that can be pursued by the courts and are unavailable to the legislative and executive branches of government.

It is beyond dispute that the problems identified are impacted and exacerbated by overcrowded prison conditions. They are also affected by the lack of proper staffing, and the failure to implement proper policies addressing use of force, access to medical services, and the use of lock-down. Appeals to reason can be effective when people interact on a one-to-one or small group basis. Reason and its effects diminish as individuals turn into crowds. It disappears as crowds become mobs which present a clear and present danger to individuals either within or in contact with crowds.

## II.     The Constitutional Dimension

At some point policies and practices affected by overcrowding in jails impinge human rights guaranteed by the United States Constitution. In such situations the courts have a responsibility to remedy the resulting Eighth Amendment violations. The leading case on the subject before this Court is *Brown v. Plata*, 563 U.S. 493 (2011). The Court noted that overcrowding becomes a primary cause of violations of federal constitutional rights when it overtakes the limited resources of prison staff and impacts the safety of both correctional employees and inmates.

> Prisoners retain the essence of human dignity inherent in all persons. Respect for that dignity animates the Eighth Amendment prohibition against cruel and unusual punishment.

563 U.S. at 510. Unconvicted inmates, who possess the presumption of innocence also enjoy Fourteenth Amendment rights to be free from unconstitutional conditions of their confinement.

> Cramped conditions promote unrest and violence, making it difficult for prison officials to monitor and control the prison population.

563 U.S. at 519. The constitutional dimensions are not unknown to the Defendant. The Defendant was provided with the State Department of Rehabilitation and Corrections

4

recommended housing capacity of 443 for the Jail (*Exhibit 3*) as well as multiple recurring reports of numbers dramatically in excess of that capacity. (*e.g., Exhibits 4 through 7*). In the *Brown* case "numerous experts testified that crowding is the primary cause of the constitutional violations." 563 U.S. at 524. What experts opine is no more than what objective common sense observes.

In this case, the jail is not only overcrowded. According to experts retained by Montgomery County, it lacks an appropriate use of force policy, and there is evidence that it lacks or fails to implement appropriate policies regarding access to medical services.

### III. The Path to a Solution

There are two obvious ways to mitigate the serious problems created by prison overcrowding: More space and staff or fewer bodies within the available space. Courts have no power to order the construction or expansion of prisons, to raise taxes, or to allocate tax money to increased staffing of jail facilities. On the other hand, the public entities that possess such powers lack the power of the courts to alleviate overcrowded facilities by reducing the number of individuals confined in such facilities. They also lack the power to order enforcement of State-imposed policies and practices. Those tasks involve careful and focused judicial attention to issues of public safety and the goals of the criminal justice system. But it is common knowledge among lawyers and judges that many individuals confined in jails and prisons present little or no risk to the public, while their confinement at public expense may be impeding the prospect of returning them to useful roles as citizens who make positive contributions to society.

The procedural path by which a court like this Court can address the constitutional problems created or impacted by overcrowding is set forth in § 3626 of Title 18 of the United States Code. It is the path that was followed in the Northern District of Ohio in *Roberts v. County of Mahoning*, 495 F.Supp.2d 694 (N.D. Ohio 2006).

If this Court, at the hearing requested by this motion, finds that the Plaintiffs are entitled to relief, its obligation is to craft a preliminary injunction which provides the least intrusive means necessary to correct the harm caused by overcrowding. That remedy shall not provide any release of any current prisoner, and the Defendant shall be given a reasonable amount of time to comply with the order. If it becomes apparent that the order has failed to remedy the Plaintiffs' federal rights, it will then be appropriate for the Plaintiffs to seek a prisoner release order and request the appointment of a three-judge panel to consider such an order.

## IV.    Conclusion

The problem to be addressed has been widely and publicly acknowledged to be a cause for public concern. It cannot be solved by simply stacking prisoners like cordwood in available space. It is of constitutional proportions. The path to addressing and resolving the problem is clearly delineated. This Court should hear and address the problem with due respect for the rights of all persons, both those within and those without the confines of the Montgomery County Jail.

Respectfully submitted,

/s/ Lawrence J. Greger
Lawrence J. Greger (0002592)
GREGER LAW OFFICE
120 W. Second Street, Suite 1100
Dayton, OH 45402-1657
PHONE: (937) 223-3153
FAX: (937) 223-3008
E-MAIL: larry@gregerlawoffice.com


/s/ Anthony R. Cicero
Anthony R. Cicero (0065408)
CICERO ADAMS, LLC
500 East Fifth Street
Dayton, OH 45402-2914
PHONE: (937) 424-5390
FAX: (937) 424-5393
E-MAIL: tonycicero@gocicero.com


/s/ David C. Greer
David C. Greer (0009090)
BIESER, GREER & LANDIS, LLP
6 North Main Street, Suite 400
Dayton, OH 45402-1908
PHONE: (937) 223-3277
FAX: (937) 223-6339
E-MAIL: dcg@biesergreer.com


/s/ Ellis Jacobs
Ellis Jacobs (0017435)
ADVOCATES FOR BASIC LEGAL EQUALITY
130 West Second Street, Suite 700-E
Dayton, OH 45402-1501
PHONE: (937) 228-8104
FAX: (937) 535-4600
E-MAIL: ejacobs@ablelaw.org

/s/ Anthony S. VanNoy
Anthony S. VanNoy (0067052)
ANTHONY S. VanNOY, INC.
130 West Second Street, Suite 1624
Dayton, OH 45402-1502
PHONE: (937) 952-5043
FAX: (937) 496-5393
E-MAIL: avannoy@thevannoyfirm.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of September, 2018, I electronically filed the foregoing document with the Clerk of Courts, United States District Court, Southern District of Ohio, by way of the CM/ECF system which will send notification to all parties of record.

/s/ David C. Greer
David C. Greer (0009090)

4703.218176.\685223.1